# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL CASE NO. 1:07cr10

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ALBERT EUGENE HARDY, JR. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reconsider [Doc. 57].

## I. PROCEDURAL BACKGROUND

On February 6, 2007, the Defendant was charged with conspiracy to possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a), and possession with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). [Doc. 1]. On March 13, 2007, the Government filed a notice pursuant to 21 U.S.C. § 851, notifying the Court and the Defendant that it intended to seek enhanced penalties based on Defendant's prior conviction of a felony drug offense. [Doc. 8]. On May 3, 2007, the Defendant pled guilty to the conspiracy offense in accordance with a written plea agreement in which the

parties stipulated that the Defendant was responsible for at least 150 grams but less than 500 grams of crack cocaine, and the Government agreed to dismiss the possession count. [Doc. 16].

The Defendant's preliminary Guidelines range of imprisonment, based on a total offense level of 31 and a criminal history category of V, was between 168 and 210 months. Because of the Defendant's prior convictions and the § 851 Information filed by the Government, however, the Defendant was subject to a mandatory minimum sentence of twenty years' (240 months) imprisonment, and thus his Guideline Range is adjusted to be 240 months. See U.S.S.G. § 5G1.1(b). Prior to sentencing, the Government filed a motion seeking a downward departure pursuant to U.S.S.G. § 5K1.1 to reflect the Defendant's substantial assistance. [Doc. 23]. At sentencing, the Court granted the Government's motion, and the Defendant was sentenced to a term of 168 months. [Doc. 30].

On June 3, 2012, the Defendant filed a motion through counsel for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 750 to the United States Sentencing Guidelines regarding crack cocaine offenses. [Doc. 54]. On August 10, 2012, the Court entered an Order denying the Defendant's motion. [Doc. 56].

On August 28, 2012, the Defendant filed the present Motion, seeking reconsideration of the Court's Order denying a reduction of his sentence. [Doc. 57].

## II. DISCUSSION

Section 3582(c)(2) of Title 18 provides that in the case of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," the Court may reduce the term of imprisonment, "after considering the factors set forth in [18 U.S.C.] § 3553(a) to the extent they are applicable" and if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(2).

In the present case, under U.S.S.G. § 2D1.1(c), as amended, the Defendant's total offense level was a level 27. Id. § 2D1.1(c) (2011). Based on an amended total offense level of 27 and a criminal history category of V, the preliminary Guidelines range of imprisonment was between 120 and 150 months. Even under the amended Guidelines, however, the Defendant's Guideline term was still 240 months, pursuant to 21 U.S.C. § 851 and Sentencing Guidelines § 5G1.1(b). In other words, the amended Guidelines did not impact the applicability of the minimum sentence mandated by statute.

3

Because Amendment 750 did not lower the statutory mandatory minimum term of imprisonment applicable to the Defendant, he was not eligible for a reduced sentence under § 3582(c)(2). United States v. Hood, 556 F.3d 226, 232-37 (4th Cir. 2009); United States v. Freeman, No. 4:06CR00016, 2012 WL 178354, at *6 (W.D. Va. Jan. 23, 2012), aff'd, No. 12-6162, 2012 WL 2312078 (4th Cir. Jun. 19, 2012).

Because the Defendant is not eligible for a sentence reduction under Amendment 750, the Court properly denied the Defendant's motion for a reduction of sentence. The Defendant's motion for reconsideration is therefore denied.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reconsider [Doc. 57] is **DENIED**.

**IT IS SO ORDERED**.

Signed: August 30, 2012

Martin Reidinger
United States District Judge